UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CARMELO ANTHONY, MELO ENTERPRISES, INC., and CHOSEN ONE PROPERTIES, LLC,

    Plaintiffs,

    v.

LARRY HARMON aka LARRY W. HARMON aka LAWRENCE HARMON, HARMON & ASSOCIATES, P.A., HARMON-CASTILLO, LLP, FRANK CASTILLO, KELLY RUNKLE, SORA BARNES, KENNY CRUZ aka KENNETH CRUZ, KC DEVELOPMENT, LLC, VITALIS PARTNERS, LLC, PROFESSIONAL PARTNERS, LLC, and MCG PARTNERS,

    Defendants.

NO. CIV. 2:09-2272 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE

----oo0oo----

Plaintiffs Carmelo Anthony, Melo Enterprises, Inc. ("MEI"), and Chosen One Properties, LLC ("COP") filed this action against defendants Larry Harmon aka Larry W. Harmon aka Lawrence Harmon ("Harmon"), Harmon & Associates, P.A. ("Harmon &

1

Associates"), Harmon-Castillo, LLP ("HC"), Frank Castillo, Kelly Runkle, Sora Barnes, Kenny Cruz aka Kenneth Cruz ("Cruz"), KC Development, LLC ("KC"), Vitalis Partners, LLC ("Vitalis"), Professional Partners, LCC ("Professional"), and MCG Partners ("MCG") alleging various claims arising out of defendants' allegedly unauthorized transfers of plaintiffs' funds.  Harmon, Harmon & Associates, HC, Castillo, Runkle, Barnes, Vitalis, and Professional (collectively "defendants") move to dismiss the action under Federal Rules of Civil Procedure 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted and strike plaintiffs' demand for attorney's fees pursuant to Rule 12(f).

    A.    Motion to Dismiss

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

2

Although plaintiff's complaint was filed on August 17, 2009, three months after the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, it is apparent that the complaint was not crafted with the <u>Iqbal</u>'s heightened standard of pleading in mind. In fact, at oral argument plaintiffs' counsel acknowledged that he had not heard of that case, which provides extensive guidance regarding Rule 8 of the Federal Rules of Civil Procedure. Although <u>Iqbal</u>'s majority opinion itself may not have intimated any seachange, jurists and legal commentators have observed that the decision marks a striking retreat from the highly permissive pleading standards often thought to distinguish the federal system from "the hyper-technical, code-pleading regime of a prior era," 129 S. Ct. at 1949. <u>See, e.g.</u>, <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 968-69 (9th Cir. 2009); Adam Liptak, <u>9/11 Case Could Bring Broad Shift on Civil Suits</u>, N.Y. Times, July 21, 2009, at A10.

Prior to <u>Iqbal</u>, many courts--including this court and, apparently, the Supreme Court--read Rule 8 to express a "willingness to 'allow[] lawsuits based on conclusory allegations . . . to go forward,'" <u>Maduka v. Sunrise Hosp.</u>, 375 F.3d 909, 912 (9th Cir. 2004) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002)) (alteration in original). Now, however, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal</u>, 129 S. Ct. at 1949 (quotation marks omitted). Under <u>Iqbal</u>, a cause of action must be "plausible on its face," meaning that "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

3

1          Even the official Federal Rules of Civil Procedure
2   Forms, which were touted as "sufficient under the rules and . . .
3   intended to indicate the simplicity and brevity of the statement
4   which the rules contemplate," Fed. R. Civ. Proc. 84, have been
5   cast into doubt by Iqbal.  See, e.g., Fed. R. Civ. P. Form 9
6   (setting forth a complaint for negligence in which the plaintiff
7   simply states, "On June 1, 1936, in a public highway called
8   Boylston Street in Boston, Massachusetts, defendant negligently
9   drove a motor vehicle against plaintiff who was then crossing
10  said highway").

11         A number of averments in plaintiffs' complaint
12  certainly appear to have been made without Iqbal in mind.  For
13  example, plaintiffs' allegations repeatedly lump defendants
14  together, referring to them as "Advisors," and do not plead facts
15  that plausibly suggest that each defendant is liable for the
16  claims in the Complaint. (See, e.g., Compl. ¶¶ 29, 34, 40, 46,
17  52.)  Plaintiffs also simply recite the elements of some of the
18  causes of action in the Complaint and assert legal conclusions,
19  rather than pleading facts that demonstrate plaintiffs have
20  plausible claims.  For instance, the Complaint asserts that
21  defendants were agents of one another by only stating that "each
22  defendant was the agent, employee, and employer of each of its
23  co-defendants." (Id. ¶ 16.)  It is highly questionable that many
24  of plaintiffs' allegations cross the "line between possibility
25  and plausibility."  Iqbal, 129 S. Ct. at 1949 (quotation marks
26  omitted).

27         Accordingly, the court finds it only fair that
28  plaintiffs be granted leave to amend their Complaint, given

4

counsel's unfamiliarity with the standard in Iqbal. Plaintiffs, however, are admonished to thoroughly and carefully set forth their allegations in any subsequent amended complaint, as both judicial resources and fairness to defendants preclude unlimited opportunities to amend the pleadings. See, e.g., Beard v. Lucio, No. 08-570, 2009 WL 393016, at *2 (C.D. Cal. Feb. 13, 2009) ("Although leave to amend generally is liberally allowed, Plaintiff should not expect unlimited opportunities to file a complaint that passes the Court's initial screenings." (citing McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996))).

### B. Motion to Strike

Defendants move to strike plaintiffs' demand for "reasonable attorneys fees" in their prayer for damages. (Compl. 18:24.) Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As this action is based on diversity jurisdiction, the court must look to California law to determine whether plaintiffs may seek attorney's fees. Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir. 2009). Under California law, attorney's fees are allowable as costs under section 1032 of the California Code of Civil Procedure when they are authorized by either "Contract," "Statute," or "Law." Cal. Code Civ. Proc. § 1033.5; Santisas v. Goodin, 17 Cal. 4th 599, 606 (1998). "Thus, recoverable litigation costs do include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees."

Santisas, 17 Cal. 4th at 606.  Defendants argue plaintiffs have not pled that any contract, statute, or law allows plaintiffs to recovery attorney's fees.

In response, plaintiffs submitted a conditional statement of non-opposition to defendants' motion to strike. (Docket No. 20.)  Plaintiffs contend that defendants' counsel has represented to plaintiffs that there is no agreement between the parties that authorizes the collection of attorney's fees. Plaintiffs argue that the court should strike the fees from the complaint, so long as the court will amend the complaint sua sponte to add the striken provisions back to the complaint in the event a contract later "appears" that contains an attorneys fees provision.  (Docket No. 21.)  Having considered defendants' arguments in light of plaintiffs' non-opposition, the court will strike plaintiffs' prayer for attorneys fees, as plaintiffs have not plead a basis for the recovery of attorneys fees.  However, the court may consider granting plaintiffs leave to amend their complaint to restore their prayer for attorneys fees at a later date in the event that plaintiffs can demonstrate a basis for recovery of such fees.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

IT IS THEREFORE ORDERED that defendants' motion to strike plaintiffs' prayer for attorneys fees be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss is GRANTED for the purpose of allowing plaintiffs an opportunity to amend their complaint in accordance with the pleading standards announced in Ashcroft v. Iqbal, 129 S. Ct.

1937 (2009).  Plaintiffs shall file an amended complaint within thirty days from the date of this Order.

DATED:  November 25, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE