JAMES J. BANKS (SBN 119525)
STEPHEN W. ROBERTSON (SBN 228708)
BANKS & WATSON
Hall of Justice Building
813 6th Street, Suite 400
Sacramento, CA  95814-2403
Telephone:  (916) 325-1000
Facsimile:   (916) 325-1004
Email:         jbanks@bw-firm.com

Attorneys for Defendants
LARRY W. HARMON, FRANK CASTILLO,
KELLY RUNKLE, SORA BARNES,
LARRY HARMON & ASSOCIATES, P.A.,
HARMON-CASTILLO, LLP, VITALIS PARTNERS, LLC
and PROFESSIONAL PARTNERS, LLC

ROBERT W. HIRSH, SBN 102731
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA  90211
Telephone:  (310) 275-7800
Facsimile:   (310) 275-4050
Email:         rhirsh@hirshlaw.com

CHARLES L. POST, SBN 160443
WEINTRAUB, GENSHLEA CHEDIAK, A LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, CA  95824
Telephone:  (916) 558-6000
Facsimile:   (916) 446-1611
Email:         cpost@weintraub.com

Attorneys for Plaintiffs
CARMELO ANTHONY, MELO ENTERPRISES, INC.,
and CHOSEN ONE PROPERTIES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELO ANTHONY, et al., | CASE NO. 2:09-cv-02272-WBS-KJM |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | |
| LARRY HARMON, et al. | |
| Defendants. | |

The parties submit the following Joint Status Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court's August 18, 2009 Pretrial Scheduling Order and Local Rule 16-240.

**A.     Brief Summary of Claims**

<u>**Plaintiffs' Position**</u>

Plaintiffs Carmelo Anthony ("Anthony"), Melo Enterprises, Inc. ("MEI"), and Chosen One Properties, LLC ("COP") contend that defendants Larry Harmon, Frank Castillo, Larry Harmon & Associates, P.A., and Harmon Castillo LLP (collectively "the Harmon Defendants"), who were Plaintiffs' business managers, accountants, business advisors, and trustees, and who at all times owed Plaintiffs a fiduciary duty, wrongfully, among other things:

a.     failed to provide Plaintiffs a complete and proper accounting concerning the transfers of Plaintiffs' monies to third parties. For approximately one year, the Harmon Defendants have failed to disclose basic information concerning the wrongful transfers of Plaintiffs' monies to third parties which the Harmon Defendants caused to occur;

b.     wrongfully transferred Plaintiffs' monies to third parties without Plaintiffs' permission;

c.     engaged in improper self dealing by making the above-referenced transfers to entities in that the Harmon Defendants had a pecuniary interest; and,

d.     prepared improper and inconsistent documents concerning these wrongful monetary transfers.

As to defendant Vitalis Partners, LLC ("Vitalis"), it improperly received $1,600,000.00 of Plaintiffs' monies through the wrongful conduct of the Harmon Defendants.

As of the preparation of this Joint Status Report, Plaintiffs are in the process of evaluating which theories to include in their First Amended Complaint, which is not yet due. However, Plaintiffs intend to at least plead the following claims for relief against the Harmon Defendants: for an accounting, breach of fiduciary duty, negligence, conversion and Business and Professions Code sections 17200, *et. seq.* As to Vitalis, Plaintiffs intend to plead at least the following claims for relief: for an accounting and conversion.

**Defendants' Position**

On August 17, 2009, Plaintiffs filed their Complaint setting forth California state law claims for relief based on diversity jurisdiction against defendants Larry Harmon, Frank Castillo, Kelly Runkle, Sora Barnes, Larry Harmon & Associates, P.A., Harmon-Castillo, LLP, Vitalis Partners, LLC, and Professional Partners, LLC (hereinafter "Harmon-Castillo defendants"), MCG Architecture (erroneously sued herein as MCG Partners) (hereinafter "MCG"), and Kenneth Cruz, and KC Development, LLC (hereinafter "Cruz defendants").

The Complaint sets forth 15 legal and equitable claims for relief based on conversion, negligence, breach of fiduciary duty, deceptive business practices under California's Business and Professions Code section 17200 *et. seq.*, concealment, intentional misrepresentation, unjust enrichment, constructive trust, willful misconduct, declaratory relief, and accounting. The Complaint also asserts alter ego claims against Larry Harmon and Kenneth Cruz.

On October 16, 2009, the Harmon-Castillo defendants moved to dismiss the Complaint and moved to strike portions of the Complaint. (Docket No. 10.) On November 25, 2009, the Court granted the Harmon-Castillo defendants' motion and dismissed the entire Complaint without prejudice to re-file an Amended Complaint within 30 days of the Order. (Docket No. 26.) Pursuant to stipulation and order by the Court, the time to file an Amended Complaint was extended to January 8, 2010. (Docket No. 37.)

Plaintiffs have represented to the Harmon Defendants that they will not name Kelly Runkle, Sora Barnes, MCG or Professional Partners, LLC in their First Amended Complaint.

The Harmon Defendants deny any and all liability or that plaintiffs were harmed and contend that each of the alleged transfers enumerated in the Complaint was fully disclosed to the Plaintiffs. The Harmon Defendants further contend that they did not engage in any wrongful conduct regarding the handling of Plaintiffs' moneys.

**B.   Status of Service of Process**

Plaintiffs represent that all named defendants have been served. Defaults have been entered against defendants Kenny Cruz and KC Development, LLC.

**C.     Joinder of Additional Parties**

   **Plaintiffs' Position**

Discovery is expected to reveal the names of additional defendants and information regarding the underlying conduct among the parties. Plaintiffs have served their first sets of written discovery which have not yet been answered. Plaintiffs have given the Harmon Defendants a three week discovery extension to respond due to the unavailability of defense counsel. However, based upon the Harmon Defendants' past non-cooperation including their failure to properly account, which, among other things, forced this lawsuit, Plaintiffs expect discovery issues to arise, and accordingly, propose December 31, 2010 as the last day to add additional parties.

   **Defendants' Position**

Plaintiffs' position is argumentative and inappropriate for inclusion in a joint status report. Nevertheless, the Harman Defendants dispute that they have been uncooperative in this case or in their dealings with the Plaintiffs' counsel.

The Harmon Defendants do not anticipate the joinder of additional parties at this time. These defendants propose that June 30, 2010 be the last day to add additional parties.

**D.     Amendments to the Pleadings**

   **Plaintiffs' Position**

Plaintiffs anticipate that discovery is expected to reveal the names of additional defendants and information regarding the underlying conduct among the parties. Plaintiffs have served their first sets of written discovery which have not yet been answered. Plaintiffs have given the Harmon Defendants a three week extension to respond due to the unavailability of defense counsel. However, based upon the Harmon Defendants' past non-cooperation including their failure to properly account, which, among other things, forced this lawsuit, Plaintiffs expect discovery issues to arise, and accordingly, propose December 31, 2010 as the last day to amend the pleadings.

   **Defendants' Position**

The Harmon Defendants dispute that they have been uncooperative in this case or in their dealings with the Plaintiffs' counsel. The Harmon Defendants propose that amendments to the

Complaint may be necessary if they move to dismiss the First Amended Complaint. The Harmon Defendants propose that June 20, 2010 be the last day to amend the Complaint.

### E. Jurisdiction and Venue

This Court has jurisdiction pursuant to 28 U.S.C. section 1332(a)(b). Venue is appropriate pursuant to 28 U.S.C. section 1391(a).

### F. Written Report Outlining Proposed Discovery Plan

**(1) Initial Disclosures.** The Harmon-Castillo Defendants served their initial disclosures on December 8, 2009. Plaintiffs served their initial disclosures on December 22, 2009.

#### Plaintiffs' Position

Plaintiffs propose that the disclosure of experts and production of expert reports in accordance with Federal Rule of Civil Procedure Rule 26(a)(2) be no later than February 28, 2011. Plaintiffs propose that any rebuttal experts and their reports will be disclosed no later than March 31, 2011 in accordance with Rule 26(a)(2).

#### Defendants' Position

The Harmon Defendants propose to disclose experts and production of expert reports in accordance with Federal Rule of Civil Procedure Rule 26(a)(2) no later than September 30, 2010. These defendants propose that any rebuttal experts and their reports will be disclosed no later than October 29, 2010 in accordance with Rule 26(a)(2).

**(2) Discovery Subjects, Timing, and Limitations.**

#### Plaintiffs' Position

Plaintiffs request that Plaintiffs' depositions be ordered taken after the basketball season is over. Anthony is a professional basketball player who is required to athletically perform at the highest level almost every night in sports arenas throughout the United States. During the basketball season, Anthony has a rigorous travel schedule, which requires him to fly to and from different cities to play games every day and/or every other day. On non-game days, he must travel and/or has team practices, and must rest for the next game. During the season, Anthony's professional schedule is extraordinarily physically and mentally taxing. Anthony is unable to be deposed during the basketball season, because it will affect his ability to play basketball at the highest level, which would substantially endanger his livelihood.

Further, during the season, it would be near impossible for Anthony's counsel to be able to meet with, and properly prepare him for a deposition. Plaintiffs' counsel has brought these facts to the attention of James Banks, counsel for the Harmon Defendants, and has requested that Plaintiffs' depositions not be noticed until after the basketball season is over. Unfortunately, Mr. Banks, while not disputing the veracity of Mr. Hirsh's representations, has not agreed as of this time to depose Plaintiffs until after the basketball season. Accordingly, Plaintiffs request that this Court order Plaintiffs' depositions not be noticed and taken during the basketball season.

Plaintiffs also request that a confidentiality order ("CO") issue in this case. Anthony is a public figure. Plaintiffs' financial information and other private matters will be the subject of discovery and the Federal Rule of Civil Procedure 26(a)(1) initial disclosures in this case. Plaintiffs have circulated a proposed CO, which Plaintiffs request that defense counsel execute, so that Plaintiffs can lodge it with the Court. Defense counsel has indicated a willingness to sign the proposed CO provided that it is consistent with the generally accepted Eastern District of California form. Plaintiffs believe that the proposed CO is consistent with the generally accepted Eastern District of California form. In the event that defense counsel refuse to execute the proposed CO or a mutually acceptable CO, Plaintiffs will be forced to file a motion for a protective order, although Plaintiffs are confident and hopeful that counsel will agree to a CO.

### Defendants' Position

The Plaintiffs' position regarding the timing of discovery and of the Plaintiffs' depositions should be the subject of a motion for a protective order under Federal Rules of Civil Procedure Rule 26(c). Defendants observe that their counsel has not offered any commentary to Plaintiffs' counsel one way or the other as to the "veracity" of the statements he makes about his client and his client's ability to participate in a deposition. Rather, those issues should await the submission of briefing and evidence to the Court following a properly noticed motion.

The Harmon Defendants do not request a phased discovery plan or that discovery be limited to or focused on particular issues. These defendants anticipate the subjects on which discovery may be needed will be based on the applicable pleadings and in accordance with Federal Rule of Civil Procedure 26(b).

       (3)    **Issues Regarding Electronically Stored Information.**

**Plaintiffs' Position**

Anthony is a public figure. Plaintiffs' financial information and other private matters are the subject of the Federal Rule of Civil Procedure 26(a)(1) initial disclosures. Plaintiffs have circulated a proposed CO, which Plaintiffs request that defense counsel execute, so that Plaintiffs can lodge it with the Court. If defendants' counsel refuse to execute the CO, Plaintiffs will be forced to file a motion for a protective order.

**Defendants' Position**

The Harmon Defendants do not anticipate any issues concerning the production of electronically stored information. These defendants are willing to produce electronically stored information in response to plaintiffs' discovery requests, subject to the limitations and procedures set forth in Federal Rule of Civil Procedure 26(b).

       (4)    **Claims of Privilege/Trial Preparation Materials.**

**Plaintiffs' Position**

Anthony is a public figure. Plaintiffs' financial information and other private matters will be the subject of discovery. Plaintiffs have circulated a proposed CO, which Plaintiffs request that defense counsel execute, so that Plaintiffs can lodge it with the Court. If defendants' counsel refuse to execute the CO, Plaintiffs will be forced to file a motion for a protective order.

**Defendants' Position**

The Harmon Defendants do not anticipate any issues about claims of privilege or the protection of trial preparation materials. These defendants will comply with Federal Rule of Civil Procedure 26(b)(5) to the extent that information is withheld based on a claimed privilege or subject to protection as trial preparation material.

       (5)    **Other Discovery Limitations.**

**Plaintiffs' Position**

Anthony is a public figure. Plaintiffs' financial information and other private matters will be the subject of discovery. Plaintiffs have circulated a proposed CO, which Plaintiffs request that defense

counsel execute, so that Plaintiffs can lodge it with the Court. If defendants' counsel refuse to execute the CO, Plaintiffs will be forced to file a motion for a protective order.

### Defendants' Position

The Harmon Defendants do not request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of the Court.

### (6) Any Other Orders.

### Plaintiffs' Position

Plaintiffs request that trial not be set during the basketball seasons. Plaintiffs request that trial be set in late July or early August 2011.

### Defendants' Position

The Harmon Defendants do not request any other orders under Federal Rule of Civil Procedure 26(c) or under Federal Rule of Civil Procedure 16(b) and (c).

### G. Proposed Discovery Cut-Off Date

### Plaintiffs' Position

Plaintiffs request that all discovery except expert discovery be completed by April 29, 2011. Plaintiffs request that expert discovery be completed by May 31, 2011. These dates complement a summer of 2011 trial, which is outside of the basketball season.

### Defendants' Position

The Harmon Defendants propose that all discovery, including expert discovery, shall be completed no later than November 31, 2010.

### H. Law and Motion Deadlines

### Plaintiffs' Position

Plaintiffs request that the motion cutoff date be set for June 30, 2011. This date complements a summer of 2011 trial, which is outside of the basketball season.

### Defendants' Position

The Harmon Defendants propose that all motions except for motions for continuances or other emergency applications shall be filed on or before January 14, 2011 and noticed for the next available hearing date on the Court's regularly scheduled law and motion calendar.

I. **Modification of Standard Pretrial Proceedings**

The parties do not request modification of the standard pretrial procedures set forth by the Local Rules of this Court.

J. **Estimated Length of Trial**

**Plaintiffs' Position**

Plaintiffs demand a jury trial. Based upon the anticipated First Amended Complaint not yet due, Plaintiffs estimate a seven day trial, exclusive of jury selection. However, if the First Amended Complaint is amended to add new parties and controversies, this time estimate will increase.

**Defendants' Position**

The Harmon Defendants will demand a trial by jury. These defendants estimate the length of trial will be approximately 14 days.

K. **Related Cases**

None.

L. **Other Matters Discussed in Local Rule 16-240**

**Plaintiffs' Position**

Plaintiffs are willing to participate in the District's Voluntary Dispute Resolution Program on a mutually convenient date in or about July-August 2010.

**Defendants' Position**

The Harmon Defendants do not believe that the District's Voluntary Dispute Resolution Program or any other alternative dispute resolution procedure is appropriate at this time.

M. **Statement by Non-Governmental Corporate Party**

**Plaintiffs' Position**

Plaintiffs Melo Enterprises, Inc. and Chosen One Properties, LLC have no parent or subsidiary corporations and are not publicly held.

**Defendants' Position**

Defendant Larry Harmon & Associates, P.A. has no parent or subsidiary corporations. There is no publicly held company that owns 10% or more of Larry Harmon & Associates, P.A.'s stock.

1  Defendant Harmon-Castillo, LLP has no parent or subsidiary corporations. There is no publicly held company that owns 10% or more of Harmon-Castillo, LLP's stock.

Defendant Vitalis Partners, LLC has no parent or subsidiary corporations. There is no publicly held company that owns 10% or more of Vitalis Partners, LLC's stock.

DATED: December 28, 2009

BANKS & WATSON

By: /s/ *James J. Banks*
JAMES J. BANKS
Attorneys for Defendants LARRY W. HARMON, FRANK CASTILLO, KELLY RUNKLE, SORA BARNES, LARRY HARMON & ASSOCIATES, P.A., HARMON-CASTILLO, LLP, VITALIS PARTNERS, LLC and PROFESSIONAL PARTNERS, LLC

DATED: December 28, 2009

ROBERT W. HIRSH & ASSOCIATES
ROBERT W. HIRSH

WEINTRAUB GENSHLEA CHEDIAK
CHARLES L. POST

By: /s/ *Robert W. Hirsh* (as authorized on 12/28/09)
ROBERT W. HIRSH
Attorneys for Plaintiffs CARMELO ANTHONY, MELO ENTERPRISES, INC., and CHOSEN ONE PROPERTIES, LLC