UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CARMELO ANTHONY, MELO ENTERPRISES, INC., and CHOSEN ONE PROPERTIES, LLC,

        Plaintiffs,

  v.

LARRY HARMON aka LARRY W. HARMON aka LAWRENCE HARMON, HARMON & ASSOCIATES, P.A., HARMON-CASTILLO, LLP, FRANK CASTILLO, KELLY RUNKLE, SORA BARNES, KENNY CRUZ aka KENNETH CRUZ, KC DEVELOPMENT, LLC, VITALIS PARTNERS, LLC, PROFESSIONAL PARTNERS, LLC, and MCG PARTNERS,

        Defendants.
                                     /

NO. CIV. 2:09-2272 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for January 11, 2010.

1

## I. SERVICE OF PROCESS

The named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II. JOINDER OF PARTIES/AMENDMENTS

Pursuant to the stipulation and order signed on December 24, 2009, plaintiffs have until the end of the day today, January 8, 2010, to file an amended complaint in light of the court's grant of defendants' motion to dismiss.  Plaintiffs further request permission to amend their pleadings at any point before December 31, 2010 to add potential new issues and parties; defendants propose that plaintiffs be given until June 30, 2010 to amend their pleadings and add potential new parties.  The time suggested by both parties is excessive and does not require the parties to exercise diligence to determine whether amendments or joinder of new parties will be necessary.  Therefore, no further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332.  Venue is undisputed and is hereby found to be proper.

## IV. DISCOVERY

The parties indicate that they have served the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). Any remaining initial disclosures shall be made by no later than

January 15, 2010.

Plaintiff Carmelo Anthony's deposition may be taken only between July 1, 2010 and September 31, 2010, provided that he makes himself available for the entirety of his deposition during that period and with the exception that his deposition may be taken at any such time before July 1, 2010 that the Denver Nuggets may be eliminated from the play-offs.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than October 15, 2010.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before November 15, 2010.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by January 10, 2011.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than January 10, 2011.

V.  <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before March 7, 2011.  All motions shall be noticed

3

for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

## VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for May 16, 2011, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII. <u>TRIAL SETTING</u>

The jury trial is set for July 26, 2011, at 9:00 a.m. The parties have demanded a jury trial, and plaintiffs estimate that the trial will last seven court days and defendants estimate that the trial will last fourteen court days.

VIII. <u>SETTLEMENT CONFERENCE</u>

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: January 8, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE