1  JAMES J. BANKS (SBN 119525)
   STEPHEN W. ROBERTSON (SBN 228708)
2  BANKS & WATSON
   Hall of Justice Building
3  813 6th Street, Suite 400
   Sacramento, CA  95814-2403
4  Telephone:     (916) 325-1000
   Facsimile:     (916) 325-1004
5  Email:         jbanks@bw-firm.com

6  Attorneys for Defendants
   LARRY W. HARMON, FRANK CASTILLO,
7  LARRY HARMON & ASSOCIATES, P.A.,
   HARMON-CASTILLO, LLP and VITALIS PARTNERS, LLC

8

9                  UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  CARMELO ANTHONY, et al.,          CASE NO. 2:09-cv-02272-WBS-KJM

13              Plaintiffs,           **ANSWER TO FIRST AMENDED COMPLAINT**

14       v.

15  LARRY HARMON, et al.

16              Defendants.

17

18       Defendants, Larry W. Harmon, Frank Castillo, Larry Harmon & Associates, P.A., Harmon-

19  Castillo, LLP and Vitalis Partners, LLC (collectively "Defendants") hereby answer the First Amended

20  Complaint of plaintiffs Carmelo Anthony ("Anthony"), Melo Enterprises, Inc. ("Melo") and Chosen

21  One Properties, LLC ("Chosen One") as follows:

22       1.     Defendants admit the averments in paragraph 1.

23       2.     Defendants admit the averments in paragraph 2.

24       3.     Defendants admit the averments in paragraph 3.

25       4.     Defendants admit the averments in paragraph 4.

26       5.     Defendants admit the averments in paragraph 5.

27       6.     In response to paragraph 6, Defendants admit that Larry W. Harmon was at all relevant

28  times an individual residing and doing business in the Eastern District of California.  Defendants admit

that at all relevant times Larry W. Harmon was a certified public accountant licensed to do business in the State of California by the California State Board of Accountancy.  Defendants admit that Larry W. Harmon provided tax, accounting and financial consulting to plaintiffs.  Defendants deny each and every remaining averment in paragraph 6.

7.      In response to paragraph 7, Defendants admit that Frank Castillo was at all relevant times an individual residing and doing business in the Eastern District of California.  Defendants admit that at all relevant times Frank Castillo was a certified public accountant licensed to do business in the State of California by the California State Board of Accountancy.  Defendants admit that Frank Castillo provided tax, accounting and financial consulting to plaintiffs.  Defendants deny each and every remaining averment in paragraph 7.

8.      In response to paragraph 8, Defendants admit that Larry Harmon & Associates, P.A. was at all relevant times a duly formed California corporation with its principal place of business located in the Eastern District of California.  Defendants admit that Larry Harmon & Associates, P.A. was in the business of providing tax, accounting and financial consulting.  Defendants admit that Larry W. Harmon controlled and managed Larry Harmon & Associates, P.A., including Larry Harmon & Associates, P.A.'s involvement in providing tax, accounting and financial consulting to plaintiffs Anthony, Melo and Chosen One.  Defendants admit that at all relevant times Larry W. Harmon was an owner of Larry Harmon & Associates, P.A.  Defendants deny each and every remaining averment in paragraph 8.

9.      In response to paragraph 9, Defendants admit that at all relevant times Harmon-Castillo, LLP was a duly formed limited liability partnership with its principal place of business in the Eastern District of California.  Defendants admit that at all relevant times Larry W. Harmon and Frank Castillo controlled and managed Harmon-Castillo, LLP and provided tax, accounting and financial consulting to plaintiffs Anthony, Melo and Chosen One.  Defendants admit that Harmon-Castillo, LLP at all relevant times was in the business of providing tax, accounting and financial consulting.  Defendants deny each and every remaining averment in paragraph 9.

10.     The averments in paragraph 10 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 10.

11.     The averments in paragraph 11 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 11.

12.     The averments in paragraph 12 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 12.

13.     In response to paragraph 13, Defendants admit that Vitalis Partners, LLC at all relevant times was a duly formed California limited liability company with its principal place of business located in the Eastern District of California.  Defendants admit that Vitalis Partners, LLC was involved in the development of real estate in Redding, California.  Defendants deny each and every remaining averment in paragraph 13.

14.     In response to paragraph 14, Defendants admit that at all relevant times Larry Harmon & Associates, P.A. was a member of Vitalis Partners, LLC.  Defendants deny each and every remaining averment in paragraph 14.

15.     The averments in paragraph 15 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 15.

16.     Defendants admit the averments of paragraph 16.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 17, and on the basis deny the averments therein.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments in paragraph 18, and on the basis deny the averments therein.

19.     Defendants deny each and every averment in paragraph 19.

20.     In response to paragraph 20, Defendants admit that in 2003, Anthony retained Larry Harman & Associates, P.A. to provide tax, accounting and financial consulting to Anthony and future companies formed by Anthony.  Defendants deny each and every remaining averment in paragraph 20.

21.   In response to paragraph 21, Defendants admit that in 2003, Anthony retained Larry Harman & Associates, P.A. to provide tax, accounting and financial consulting to Anthony and future companies formed by Anthony.  Defendants deny each and every remaining averment in paragraph 21.

22.   Defendants deny each and every averment in paragraph 22.

23.   Defendants deny each and every averment in paragraph 23.

24.   Defendants deny each and every averment in paragraph 24.

25.   Defendants deny each and every averment in paragraph 25.

26.   Defendants admit the averments in paragraph 26.

27.   The averments in paragraph 27 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 27.

28.   The averments in paragraph 28 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 28.

29.   The averments in paragraph 29 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 29.

30.   Defendants deny each and every averment in paragraph 30.

31.   Defendants deny each and every averment in paragraph 31.

32.   Defendants deny each and every averment in paragraph 32.

33.   Defendants admit the averments in paragraph 33.

34.   In response to paragraph 34, Defendants admit that Larry Harmon & Associates, P.A. and Frank Castillo at all relevant times were members of Professional Partners, LLC.  Defendants deny each and every remaining averment in paragraph 34.

35.   The averments in paragraph 35 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 35.

1  36.  The averments in paragraph 36 consist of legal conclusions to which no factual response

2 is required. To the extent that such a response is required, Defendants deny the averments in

3 paragraph 36.

4  37.  Defendants deny each and every averment in paragraph 37.

5  38.  Defendants deny each and every averment in paragraph 38.

6  39.  Defendants deny each and every averment in paragraph 39.

7  40.  Defendants deny each and every averment in paragraph 40.

8  41.  Defendants admit that the transfers in subparagraphs (a) through (e) of paragraph 41

9 occurred in the amounts and on the dates indicated. Defendants deny that the transfers were undertaken

10 without plaintiffs' permission or that they were wrongful and Defendants deny each and every other and

11 further averment in paragraph 41.

12  42.  Defendants deny each and every averment in paragraph 42.

13  43.  Defendants admit the averments in paragraph 43.

14  44.  Defendants admit the averments in paragraph 44.

15  45.  Defendants deny each and every averment in paragraph 45.

16  46.  Defendants deny each and every averment in paragraph 46.

17  47.  Defendants deny each and every averment in paragraph 47.

18  48.  Defendants deny each and every averment in paragraph 48.

19  49.  Defendants deny each and every averment in paragraph 49.

20  50.  Defendants deny each and every averment in paragraph 50.

21  51.  Defendants deny each and every averment in paragraph 51.

22  52.  Defendants deny each and every averment in paragraph 52.

23  53.  Defendants deny each and every averment in paragraph 53.

24  54.  The averments in paragraph 54 consist of legal conclusions to which no factual response

25 is required. To the extent that such a response is required, Defendants deny the averments in

26 paragraph 54.

27

28

55.     The averments in paragraph 55 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 55.

56.     The averments in paragraph 56 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 56.

57.     Defendants deny each and every averment in paragraph 57.

58.     Defendants deny each and every averment in paragraph 58.

59.     The averments in paragraph 55 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 59.

60.     The averments in paragraph 60 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 60.

61.     The averments in paragraph 61 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 61.

62.     The averments in paragraph 62 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 62.

63.     Defendants deny each and every averment in paragraph 63.

64.     Defendants deny each and every averment in paragraph 64.

65.     [No number 65 in the First Amended Complaint.]

66.     Defendants deny each and every averment in paragraph 66.

67.     Defendants deny each and every averment in paragraph 67.

68.     The averments in paragraph 68 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 68.

69.     The averments in paragraph 69 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 69.

70.     Defendants deny each and every averment in paragraph 70.

71.     Defendants deny each and every averment in paragraph 71.

72.     Defendants deny each and every averment in paragraph 72.

73.     Defendants deny each and every averment in paragraph 73.

74.     Defendants admit the Vitalis transfers totaled $1,600,000.   Defendants deny each and every remaining averment in paragraph 74.

75.     Defendants deny each and every averment in paragraph 75.

76.     Defendants deny each and every averment in paragraph 76.

77.     Defendants deny each and every averment in paragraph 77.

78.     Defendants admit that a Vitalis general ledger entry of November 20, 2008, memorialized the Vitalis contributions.  Defendants deny each and every further averment in paragraph 78.

79.     Defendants admit the averments in paragraph 79.

80.     In response to paragraph 80, Defendants admit that in 2009, Harmon-Castillo, LLP sent Chosen One a schedule K-1 reflecting Chosen One's capital contribution in Vitalis Partners, LLC of $1,600,000.  Defendants deny each and every remaining averment in paragraph 80.

81.     The averments in paragraph 81 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 81.

82.     The averments in paragraph 81 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 82.

## FIRST CLAIM FOR RELIEF

### (Breach of Fiduciary Duty Against The Harmon Defendants)

83.     In response to paragraph 83, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

84.    The averments in paragraph 84 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 84.

85.    Defendants deny each and every averment in paragraph 85.

86.    Defendants deny each and every averment in paragraph 86.

87.    Defendants deny each and every averment in paragraph 87.

88.    Defendants deny each and every averment in paragraph 88.

**SECOND CLAIM FOR RELIEF**

**(Negligence Against The Harmon Defendants)**

89.    In response to paragraph 89, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

90.    The averments in paragraph 90 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 90.

91.    Defendants deny each and every averment in paragraph 91.

92.    Defendants deny each and every averment in paragraph 92.

**THIRD CLAIM FOR RELIEF**

**(Negligence *Per Se* Against The Harmon Defendants)**

93.    In response to paragraph 93, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

94.    The averments in paragraph 94 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 94.

95.    Defendants deny each and every averment in paragraph 95.

96.    Defendants deny each and every averment in paragraph 96.

## FOURTH CLAIM FOR RELIEF

### (Conversion Against All Defendants)

97.     In response to paragraph 97, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

98.     Defendants deny each and every averment in paragraph 98.

99.     Defendants deny each and every averment in paragraph 99.

100.    Defendants deny each and every averment in paragraph 100.

## FIFTH CLAIM FOR RELIEF

### (For An Accounting Against All Defendants)

101.    In response to paragraph 101, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

102.    The averments in paragraph 102 consist of legal conclusions to which no factual response is required.   To the extent that such a response is required, Defendants deny the averments in paragraph 102.

103.    In response to paragraph 103, Defendants admit that Larry Harmon & Associates, P.A. at all relevant times was a member of Vitalis Partners, LLC.  Defendants deny each and every remaining averment in paragraph 103.

104.    In response to paragraph 104, Defendants admit that in 2009, Harmon-Castillo, LLP sent Chosen One a schedule K-1 reflecting Chosen One's capital contribution in Vitalis Partners, LLC of $1,600,000. Defendants deny each and every remaining averment in paragraph 104.

105.    In response to paragraph 105, Defendants admit that Larry Harmon & Associates, P.A. and Frank Castillo at all relevant times were members of Professional Partners, LLC.  Defendants deny each and every remaining averment in paragraph 105.

106.    In response to paragraph 106, Defendants admit that in 2009, Harmon-Castillo, LLP sent Chosen One a schedule K-1 reflecting that Chosen One is a member of Professional Partners, LLC. Defendants deny each and every remaining averment in paragraph 106.

107.    Defendants deny each and every averment in paragraph 107.

108.    Defendants deny each and every averment in paragraph 108.

### SIXTH CLAIM FOR RELIEF

#### (B & P Code Section 17200, *et seq*. Against All Defendants)

109.   [Erroneously numbered 100.]  In response to paragraph 109, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

110.   Defendants deny each and every averment in paragraph 110.

111.   Defendants deny each and every averment in paragraph 111.

### SEVENTH CLAIM FOR RELIEF

#### (Restitution/Unjust Enrichment Against All Defendants)

112.   In response to paragraph 112, Defendants incorporate by reference each and every response in paragraphs 1 through 82 of their answer as though fully set forth herein.

113.   Defendants deny each and every averment in paragraph 113.

114.   Defendants deny each and every averment in paragraph 114.

115.   Defendants deny each and every averment in paragraph 115.

116.   Defendants deny each and every averment in paragraph 116.

117.   Defendants deny each and every averment in paragraph 117.

118.   Paragraph 118 does not contain factual averments but instead is a claim for relief.

Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

As a first, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that said First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a second, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that each and every claim is barred by

all applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 338 and 339.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As a third, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by plaintiffs must be diminished or barred by reason thereof.

### FOURTH AFFIRMATIVE DEFENSE

#### (Negligence)

As a fourth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs or third parties unnamed in the First Amended Complaint were guilty of negligence or other acts or omissions in the matters set forth in the First Amended Complaint which proximately caused or contributed to the damages or loss complained of, if any, and that the Court is requested to determine and allocate the percentage of negligence attributable to plaintiffs and to third parties.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

As a fifth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from any recovery against Defendants by reason of the doctrine of laches and undue delay in getting notice to Defendants of the matters averred in the First Amended Complaint and in commencing this litigation.

### SIXTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

As a sixth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from relief under the First Amended Complaint by reason of the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a seventh, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from relief under the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As an eighth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from relief by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Business Practices)

As a tenth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that each and every claim for relief and damages sought thereunder is barred because the averred actions of Defendants were, at all times, reasonable and conducted in good faith, without malice, oppression or fraud and with the reasonable belief that such actions and conduct were lawful and valid.

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

As an eleventh, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from obtaining any relief whatsoever because plaintiffs consented to the acts and conduct of Defendants of which they now complain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

As a twelfth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from relief because plaintiffs acquiesced to the acts of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ratification)

As a thirteenth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from relief because plaintiffs authorized, approved and ratified the conduct of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excuse of Performance)

As a fourteenth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver plaintiffs are barred from relief because any duties or obligations, contractual or otherwise, averred in the First Amended Complaint, which plaintiffs claim are owed by Defendants have been fully excused.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Complete Performance)

As a fifteenth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs are barred from relief because Defendants have duly and fully performed, satisfied and discharged any duties and obligations arising out of any and all agreements, representations and/or contracts made with plaintiffs, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

As a fifteenth, separate and affirmative defense to the First Amended Complaint on file herein, and to each and every claim contained therein, Defendants aver that plaintiffs' claims are barred under the applicable Statute of Frauds, California Civil Code section 1624.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.     That plaintiffs take nothing by reason of their First Amended Complaint and that judgment be rendered in favor of Defendants;

2.     That Defendants be awarded their costs of suit incurred in defense of this action; and

1

  3.      For such other relief as the Court deems proper.

2

3  DATED:  January 19, 2010                    BANKS & WATSON

4

5                                 By:  /s/ *James J. Banks*
                                       _____
                                       JAMES J. BANKS
6                                      Attorneys for Defendants LARRY W. HARMON,
                                       FRANK CASTILLO, LARRY HARMON &
7                                      ASSOCIATES, P.A., HARMON-CASTILLO, LLP,
                                       and VITALIS PARTNERS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28