| | |
|---|---|
| 1 | JAMES J. BANKS (SBN 119525) |
| | STEPHEN W. ROBERTSON (SBN 228708) |
| 2 | BANKS & WATSON |
| | Hall of Justice Building |
| 3 | 813 6th Street, Suite 400 |
| | Sacramento, CA 95814-2403 |
| 4 | Telephone: (916) 325-1000 |
| | Facsimile: (916) 325-1004 |
| 5 | Email: jbanks@bw-firm.com |
| 6 | Attorneys for Defendants |
| 7 | LARRY W. HARMON, FRANK CASTILLO, |
| | LARRY HARMON & ASSOCIATES, P.A., |
| | HARMON-CASTILLO, LLP and VITALIS PARTNERS, LLC |
| 8 | |
| 9 | ROBERT W. HIRSH, SBN 102731 |
| | ROBERT W. HIRSH & ASSOCIATES |
| 10 | 8383 Wilshire Boulevard, Suite 510 |
| | Beverly Hills, CA 90211 |
| 11 | Telephone: (310) 275-7800 |
| | Facsimile: (310) 275-4050 |
| | Email: rhirsh@hirshlaw.com |
| 12 | |
| 13 | CHARLES L. POST, SBN 160443 |
| | WEINTRAUB, GENSHLEA CHEDIAK, A LAW CORPORATION |
| 14 | 400 Capitol Mall, 11th Floor |
| | Sacramento, CA 95814 |
| 15 | Telephone: (916) 558-6000 |
| | Facsimile: (916) 446-1611 |
| | Email: cpost@weintraub.com |
| 16 | Attorneys for Plaintiffs |
| 17 | CARMELO ANTHONY, MELO ENTERPRISES, INC., |
| | and CHOSEN ONE PROPERTIES, LLC |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELO ANTHONY, et al., | CASE NO. 2:09-cv-02272-WBS-KJM |
| Plaintiffs, | ***AMENDED* STIPULATED PROTECTIVE ORDER** |
| v. | |
| LARRY HARMON, et al., | |
| Defendants. | |

Subject to the approval of this Court, plaintiffs Carmelo Anthony, Melo Enterprises, Inc. and Chosen One Properties, LLC and defendants Larry W. Harmon, Frank Castillo, Larry Harmon & Associates, P.A., Harmon-Castillo, LLP and Vitalis Partners, LLC, by and through their counsel of record, hereby stipulate and agree to the following protective order:

### 1. **Purposes and Limitations**

In connection with discovery proceedings, this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in the prosecution, defense or settlement of this action would be warranted. The parties acknowledge that this Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving this Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms and conditions of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

### 2. **Designation of Confidential Information**

2.1 The parties may designate any document, thing, material, testimony or other information derived therefrom as "confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information means any information or documents concerning which the designating party has a good faith basis to believe that comprise of or contain information that qualify for protection under the standards developed under rule 26(c) of the Federal Rules of Civil Procedure and under any other applicable law from disclosure or provides for limited disclosure.

2.2 By designating a document, thing, material, testimony or other information derived therefrom as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure rule 26(g).

2.3 Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend

"CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

2.4  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material") shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

2.5  Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)  A party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)  Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

(c)  Court reporter(s) employed in this action;

(d)  A witness at any deposition or other proceeding in this action; and

(e)  Any other person as to whom the parties in writing agree.

2.6  Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this order and shall execute a non-disclosure in the form of Attachment A, a copy of which shall be provided to counsel for each other party and for the parties.

2.7  Depositions shall be taken only in the presence of qualified persons.

**3.  Depositions**

3.1  With respect to the examination of witnesses upon oral deposition, before designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on information designated confidential, the deposition reporter and/or videotape operator shall be informed of this Order by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with paragraph 2.6. Any party may, in good faith, designate as confidential any such portions of any deposition testimony deemed to contain confidential information by advising the court reporter and counsel of record at the

beginning and ending of the testimony containing confidential information, either orally at the deposition or in writing within 30 days of receipt of the deposition transcript. The reporter shall mark the face of the transcript to designate the beginning and ending of the confidential information portions thereof and if appropriate, a separate original transcript containing the confidential information clearly marked on each page as confidential information. Copies of the transcript for counsels' use may contain the confidential information testimony and other testimony in a single volume. Any additional out-of-pocket costs caused by the confidential information designation shall be borne by the designating party. The party designating a portion of a deposition transcript as containing confidential information shall have the burden of its designation if said designation is challenged by the receiving party. If a receiving party objects to the designation, it shall notify the designating party within 30 days of receipt of the transcript designated as containing confidential information of its objection and the grounds on which it objects to the designation. The portion of the deposition that reflects such confidential information shall be bound in a separate transcript (and recorded on a separate videotape, if the deposition is videotaped). The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words "CONFIDENTIAL INFORMATION," as appropriate. Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape designated pursuant to this Order from being disclosed to any person, except as provided herein.

      3.2    If designated confidential information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

**4.    Designation of Confidential-Attorneys' Eyes Only**

      4.1    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraph 2.3.

      4.2    Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons listed in subparagraphs 2.5(b) through (e)

above, but shall not be disclosed to a party or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

**5. <u>Challenging Confidential Information Designation</u>**

5.1 This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or to present a motion to the Court under Federal Rules of Civil Procedure rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

5.2 In the event that counsel of record for any party at any time believes that designated confidential information should not be so designated, or that a different designation should be employed, such counsel shall notify the designating party in writing. Counsel of record for the complaining and designating parties then shall meet and confer in good faith concerning such disputed confidential information within 14 days of receipt of the notice. If agreement is not reached within those 14 days, the complaining party may file a motion requesting that the Court order the removal of a designating party's designation or order a different designation. In such a proceeding, the designating party bears the burden of showing good cause with respect to any challenged designation. The designated confidential information shall be subject to and protected by this Order under the designation assigned by the designating party until the Court has ruled on any such motion. If any party takes a writ or appeal from the Court's ruling on any such motion, that party may apply for a stay pending determination of the writ or appeal. The Court may impose a monetary sanction against any party, person, or attorney who unsuccessfully makes or opposes such a motion, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

5.3 The burden of persuasion in any such challenged proceeding shall be on the designating party.

**6. Filing Protected Material**

If any party seeks to file or lodge with the Court any documents (including deposition transcripts or videotapes) that contain information designated as confidential material by any party, then the party who intends to file or lodge such confidential material must comply with Eastern District Local Rule 141.

**7. Restrictions**

Nothing herein shall impose any restrictions on the use or disclosure by any party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

**8. Unauthorized Disclosure of Confidential Material**

If any party learns that, by inadvertence or otherwise, that it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the party must immediately notify in writing the designating party of the unauthorized disclosures and use its best efforts to retrieve all copies of the confidential material and inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and request such person or persons to execute the non-disclosure agreement in the form of Attachment A. If a party inadvertently fails to designate confidential material as confidential or confidential-attorneys' eyes only does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as confidential or confidential-attorneys' eyes only after the material is initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**9. Final Termination**

This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents,

material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

DATED: January 29, 2010                      BANKS & WATSON

By: /s/ James J. Banks

JAMES J. BANKS
Attorneys for Defendants LARRY W. HARMON, FRANK CASTILLO, LARRY HARMON & ASSOCIATES, P.A., HARMON-CASTILLO, LLP and VITALIS PARTNERS, LLC

DATED: January 29, 2010                      ROBERT W. HIRSH & ASSOCIATES
ROBERT W. HIRSH

WEINTRAUB GENSHLEA CHEDIAK
CHARLES L. POST

By: /s/ Robert W. Hirsh (as authorized on 01/27/10)

ROBERT W. HIRSH
Attorneys for Plaintiffs CARMELO ANTHONY, MELO ENTERPRISES, INC., and CHOSEN ONE PROPERTIES, LLC

**O R D E R**

APPROVED AND SO ORDERED.

DATED: February 1, 2010.

_____
U.S. MAGISTRATE JUDGE

# ATTACHMENT A
# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Carmelo Anthony, et al. v. Larry Harmon, et al.*, United States District Court for the Eastern District of California, Case No. 2:09-cv-02272-WBS-KJM, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signature _____

Printed Name _____

Date _____