ROBERT W. HIRSH, SBN 102731
ROBERT W. HIRSH & ASSOCIATES
8383 Wilshire Boulevard, Suite 510
Beverly Hills, California 90211
Telephone: 310-275-7800;  Facsimile: 310-275-4050
Email: rhirsh@hirshlaw.com

CHARLES L. POST, SBN 160443
WEINTRAUB, GENSHLEA CHEDIAK
A LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95824
Telephone: 916-558-6000; Facsimile: 996-446-1611
Email: cpost@weintraub.com

**Attorneys for Plaintiffs Carmelo Anthony,
Melo Enterprises, Inc., and Chosen
One Properties, LLC**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARMELO ANTHONY; MELO ENTERPRISES, INC.; and CHOSEN ONE PROPERTIES, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>LARRY HARMON aka LARRY W. HARMON aka LAWRENCE HARMON; LARRY HARMON & ASSOCIATES, P.A.; HARMON-CASTILLO, LLP; FRANK CASTILLO; KELLY RUNKLE; SORA BARNES; KENNY CRUZ aka  KENNETH  CRUZ; KC DEVELOPMENT, LLC; VITALIS PARTNERS, LLC; PROFESSIONAL PARTNERS, LLC; and MCG PARTNERS<br><br>**Defendants.** | CASE NO. 2:09-CV-02272-WBS-KJM<br><br>**PLAINTIFFS' CARMELO ANTHONY'S AND CHOSEN ONE PROPERTIES, LLC'S SUPPLEMENTAL RESPONSE TO THREE JOINT STATEMENTS RE: DISCOVERY DISAGREEMENTS FILED ON MAY 19, 2010**<br><br>Date: June 16, 2010<br>Time: 10:00 am<br>Courtroom: 26<br>Magistrate: Hon. Kimberly J. Mueller |

## I.

## INTRODUCTION

Plaintiffs Carmelo Anthony ("Anthony") , Melo Enterprises, Inc. ("MEI"), and Chosen One Properties, LLC ("COP") (collectively "Plaintiffs") submit the following supplemental statement in connection with the three Joint Statements re: Discovery Disagreements ("the Three Joint Statements") filed on May 19, 2010 concerning:

    a. Anthony's motion to compel further responses to his first set of request for production of documents;  and,

    b. COP's motions to compel further responses to its first sets of interrogatories and request for production of documents.

(collectively "the Three Pending Motions")

Plaintiffs did not have the opportunity to provide input to defendants' inclusions in the Three Joint Statements, because **for the second time**, defendants engaged in sharp practice by intentionally providing their inclusions to the Three Joint Statements on a Jewish holiday, and in particular, Shavous. Defendants' "timing" prevented Plaintiffs' counsel, Robert W. Hirsh ("Hirsh"), who prepared the Three Pending Motions, from providing his input. As set forth below in Section II, below, defendants' counsel knew of Hirsh's unavailability, yet **for the second time,** attempted to capitalize on it.

## II.

**FOR THE SECOND TIME, DEFENDANTS' COUNSEL KNOWINGLY PROVIDED JOINT DISCOVERY STATEMENTS TO PLAINTIFFS' COUNSEL ON JEWISH HOLIDAYS WITH FULL KNOWLEDGE OF PLAINTIFF'S COUNSEL'S UNAVAILABILITY, SO THAT HE COULD NOT RESPOND.**

**A.    Defense Counsel Was Apprised Of the Jewish Holidays.**

In a January, 2010 conversation between Hirsh and defendants' counsel, Stephen Robertson ("Robertson"), Hirsh reminded[1] Robertson that Hirsh, an observant Jew, was religiously precluded from working on Jewish holidays, including the then upcoming holidays of

---

[1] Hirsh had substantially similar conversations with Robertson in the fall of 2009.

**2**

Passover and Shavous, of which Hirsh provided Robertson the dates. In response, Robertson told Hirsh that he understood and would honor Hirsh's religious observances. Unfortunately, as set forth below, Robertson twice went out of his way to take advantage of Hirsh's unavailability.

**B.      Defense Counsel Took Advantage of Hirsh's Unavailability During Passover.**

With respect to defendants' April 14, 2010 motion to quash subpoenas relating to Bank of the West and Citibank ("the Bank Motion"), despite Hirsh's repeated requests to Robertson to receive Bank Motion Joint Discovery Statement before the Passover holidays, Robertson emailed the proposed Bank Motion Joint Discovery Statement to Hirsh's co-counsel, i.e. Zach Wadle ("Wadle") and Hirsh on April 5, 2010, i.e. Passover for an April 7, 2010 filing. Hirsh had previously informed Robertson that the last two days of Passover were April 5 and 6, 2010, and that Hirsh was precluded from working on those days.

Wadle, who was not fully involved with the preparation of the Bank Motion, was forced to complete the Joint Statements without Hirsh, and was unaware of certain appropriate arguments and did not include them in the mere 1 ½ days that Robertson provided him to respond to the Bank Motion Joint Statement.

Plaintiffs' believe that if Hirsh had the opportunity to address defendants' arguments in writing, aside from winning the Bank Motion (which occurred), this Court most likely would have been convinced to award sanctions against defendants and their counsel, which were denied.

**C.      Defense Counsel Took Advantage of Hirsh's Unavailability During Shavous.**

On May 5, 2010, Hirsh sent Robertson and James Banks ("Banks") an email reminding them that Hirsh was not available to conduct business of any type from May 19-20, 2010 because of Shavous.

On May 12, 2010, Wadle, whose office was performing the secretarial/administrative work on the Three Joint Statements, emailed Robertson them to Robertson, with an email that stated:

> "Rob Hirsh asked that I forward you the attached draft joint statements for the three motions to compel scheduled for hearing on May 26th. Rob got me involved to assist him in preparing the Joint Statements to get you drafts as soon

as possible in advance of the May 19th filing deadline. **Please provide your additions to us by 12:00pm on May 17th so we can address any additional arguments you may have, exchange another round of drafts on May 18th, and then file the statements on May 19th (please recall that Rob is out of the office on May 19th due to the Jewish holiday)**. Rob also informs me that he is available for an additional "meet and confer" phone call at a mutually convenient time over the next couple of days. Please arrange the time directly with Rob."

Defendants, who had five full days to prepare their input to the Three Joint Statements, did not respond by May 17, 2010.

Instead, they forwarded their input on May 19, 2010, i.e. Shavous, thereby guaranteeing that Hirsh, who prepared the Three Pending Motions, would not have any opportunity to review and or comment on Defendants' input.

**This is the second time that defense counsel engaged in these tactics!**

In Section III, below, Plaintiffs address the most egregious of defendants' false and misleading arguments proffered by Defendants on May 19, 2010 in their portion of the Three Joint Statements to which Plaintiffs' did not have an opportunity to respond.

### III.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PRIMARY ARGUMENTS CONTAINED IN THE THREE JOINT DISCOVERY STATEMENTS**

<u>**False/Misleading Argument No. 1**</u>: Defendants misleadingly state that they responded to thousands of discovery requests, i.e. 2117 interrogatories, 368 document requests, and 617 requests for admissions.

<u>**The Truth:**</u> False! Anthony propounded the same/similar 16 interrogatories to all original defendants in this case, almost all which were objected to because they, in large part, incorrectly mimicked state court Form Interrogatory 17.1 by asking defendants about all facts supporting their denials to Anthony's 135 request for admissions. Thus, defendants simply objected to almost every interrogatory.

Thereafter, COP served the same/similar 20 interrogatories upon each remaining defendant. Defendants refused to answer the most basic of basic questions, i.e. providing evidence supporting their contention that Anthony consented to the "Vitalis Transfers", i.e. the

**4**

1  $1,600,000.00 transferred by defendants from COP to defendant Vitalis Partners, LLC
2  ("Vitalis"), which is part of the Three Pending Motions.
3     Defendants implication that they have provided meaningful answers to multiple
4  discovery request is hogwash.
5
6  **False/Misleading Argument No. 2**: Defendants misleadingly state that they produced 16,112
7  pages of documents.
8
9  **The Truth:** Misleading! Instead of providing documents responsive to Plaintiffs' discovery
10 requests, defendants engaged in the "boxcar" approach to document production, i.e. producing
11 thousands of needless, non-responsive documents, and insisting that Plaintiffs "figure it out" as
12 to which document is responsive to which request.  This "box car' approach to discovery created
13 needless work and expense for Plaintiffs.
14    Under the theory of "picking and choosing" one's fights, Plaintiffs decided to forego a
15 discovery motion on this issue, and simply review the documents.
16
17 **False/Misleading Argument No. 3**: Defendants falsely contend that they prepared accurate and
18 complete privilege logs.
19
20 **The Truth:** False! Defendants' privilege logs ignore many redacted documents, i.e. HC 2320,
21 HC14483-14498, and HC 14500-14515. Defendants continue to fail to address Plaintiffs'
22 inquiries concerning these redacted documents. Hirsh and Banks have continued to "meet and
23 confer" about this issue, which shall be addressed in a soon to be filed court papers.
24
25 **False/Misleading Argument No. 4**: Defendants falsely contend that the Three Pending Motions
26 were prepared without "meeting and conferring".
27
28 **The Truth:** False and misleading! On April 15, 2010, Hirsh and Robertson had a lengthy "meet

**5**

and confer" on every discovery request, during which Robertson emphatically told Hirsh what defendants' supplemental discovery responses would entail. In response, Hirsh told Robertson that the proposed supplemental responses as promised by Robertson, which were very limited, would be inadequate and why. On April 15, 2010, Robertson stated that defendants' discovery positions were firm and would not change.

Defendants supplemental discovery responses mirrored Robertson's statements to Hirsh. Thus, counsel met and conferred.

From May 13, 2010 through May 18, 2010, Hirsh repeatedly offered to speak with Robertson about the Three Pending Motions, but Robertson refused.

Defendants' failure to "meet and confer" issue is simply a gambit to attempt to further delay the Three Pending Motions, which further backs up the depositions in this case.

On May 24, 2010, Banks and Hirsh met and conferred per this Court's May 21, 2010 order. During this "meet and confer", Banks refused to yield on any of the major discovery disputes at issue, other than the 412i plan discovery.

To date, no supplemental discovery responses have arrived. This will be addressed in soon to be filed court papers.

## IV.

## CONCLUSION

Since November, 2009, Hirsh has had no less than 10 telephone conversations with Banks and Robertson concerning the necessity of Plaintiffs receiving full and complete discovery responses relating to those requests seeking all facts and supporting documents supporting defendants' contentions that Plaintiffs consented to the Vitalis Transfers. Defendants continue to be obstreperous and there is no indication that this conduct will stop unless a strong court order issues with a healthy award of monetary sanctions. It is time for the "talking to stop" and for a court order to issue so that Plaintiffs can obtain the discovery to which they are entitled.

///

///

1  ///

2  DATED: June 7, 2010              ROBERT W. HIRSH & ASSOCIATES
3                                   ROBERT W. HIRSH

4                                   WEINTRAUB GENSHLEA CHEDIAK
                                    ZACHARY WADLE
5

6                                   By:   /s / - Robert W. Hirsh
7                                         Robert W. Hirsh

8                                   Attorneys for Plaintiffs CARMELO ANTHONY,
                                    MELO ENTERPRISES, INC., and CHOSEN ONE
9                                   PROPERTIES, LLC

**7**