1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARMELO ANTHONY, et al.,

11          Plaintiffs,                    No. CIV S-09-2272 WBS KJM

12       vs.

13   LARRY HARMON, et al.,

14          Defendants.                    ORDER

15   _____/

16          Plaintiffs' motions to compel further responses to interrogatories and production

17   of documents came on regularly for hearing June 16, 2010.  Robert Hirsh appeared for plaintiffs.

18   James Banks appeared for defendants.  Upon review of the documents in support and opposition,

19   upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS

20   AND ORDERS AS FOLLOWS:

21          1.  Defendants confirmed at the hearing that defendants Vitalis Partners, LLC,

22   Frank Castillo, Harmon-Castillo, LLP and Larry Harmon & Associates, P.A. have provided

23   further verified supplemental responses as set forth in the statements filed June 9, 2010 (docket

24   nos. 81, 82, 83).

25          2.  Plaintiff Anthony's motion to compel further production of documents (docket

26   no. 63) is granted in part.  The dispute as to nos. 37 and 50 has been substantially resolved;

1

1   within seven days defendants shall provide a supplemental response stating all documents

2   responsive to no. 37 have been produced.

3          The motion to compel further production to nos. 8, 9, 17, 24 and 47 is granted as

4   follows.  Further responses and submissions shall be provided within fourteen days.  A

5   supplemental response to nos. 8 and 9 shall be provided consistent with defense counsel's proffer

6   in the statement filed June 9, 2010.  (Docket no. 83 at 8:4-17, 11:24-12:5.)  Documents

7   responsive to no. 17 seeking personnel files of Barnes, Castillo and Larry Harmon shall be

8   submitted for in camera review; said documents shall be Bates stamped and accompanied by a

9   privilege log for any documents for which a claim of privilege is made.  Documents responsive

10  to no. 24 shall be produced for attorneys' eyes only under the stipulated protective order

11  previously entered in this action; documents from the time period 2005 to the present shall be

12  produced; however, loan documents pertaining to credit cards and automobile loans need not be

13  produced.  With respect to no. 47, documents sent to defendants from their insurance carrier in

14  response to tender of this case prior to the appointment of Cumis[1] counsel are protected from

15  disclosure under the common interest doctrine.  See Lectrolarm Custom Systems, Inc., 212

16  F.R.D. 567, 572-73 (E.D. Cal. 2002); see also Cal. Civil Code § 2860.  Any correspondence by

17  the insurance carrier sent to defendants after the appointment of Cumis counsel may not be

18  similarly protected.  Documents responsive to no. 47 for the time period after appointment of

19  Cumis counsel shall be submitted for in camera review; said documents shall be Bates stamped

20  and accompanied by a statement from defense counsel indicating whether he is acting as Cumis

21  counsel in this action and the date of his appointment.

22          In the absence of an agreement for disclosure from the plaintiff in the Ben Gordon

23  matter pending in the Northern District of Illinois, and in light of the provisions of ¶¶ 2.2 and

24  6.1.4 of the protective order entered in that action, the court finds the privacy interests of

25

26  [1]   San Diego Navy Federal Credit Union v. Cumis Ins. Society, Inc., 162 Cal.App.3d 358 (1984), superseded by statute, Cal. Civil Code Section 2860.

1   nonparty Gordon outweigh the interests in disclosure of the plaintiffs in this action.  Accordingly,

2   the motion to compel documents from the Ben Gordon litigation will be denied.  The motion to

3   compel further production of documents in response to nos. 5, 44, 53, 56, 57, 58 and 59 is

4   denied.

5              3.  Plaintiff Chosen One Properties' motion to compel further responses to

6   interrogatories (docket no. 65) is granted in part.  The dispute as to nos. 4 and 19 has been

7   resolved.

8              The motion to compel further responses to nos. 3, 7 and 20 is granted as set forth

9   below.  Supplemental verified responses shall be provided within fourteen days.  With respect to

10  nos. 3 and 7, to the extent defendants can recall specific communications, either oral or written,

11  defendants shall provide the dates of said communications and provide a general summary of the

12  content of the communications.  A further supplemental response to no. 20 shall be provided

13  stating whether there was anything other than e-mail communications between Harmon and

14  Schreibstein regarding Anthony's investment in Vitalis, and if so, providing the information

15  requested for telephone communications.

16             The motion to compel further production to nos. 1, 15, 16, 17 and 18 is denied.

17             4.  Plaintiff Chosen One Properties' motion to compel further production of

18  documents (docket no. 64) is granted in part.  The dispute as to nos. 9 and 10 has been resolved.

19             The motion to compel further production to nos. 5 and 11 is granted as set forth

20  below.  Further responses shall be provided within fourteen days.  A supplemental response to

21  nos. 5 and 11 shall be provided consistent with defense counsel's proffer in the statement filed

22  June 9, 2010.  (Docket no. 81 at 5:2-13, 15:27-16:4.)

23             5.  The court finds an award of expenses is not warranted considering all of the

24  circumstances reflected in the record before it on this motion.  Fed. R. Civ. P. 37 (a)(5)(A).

25  DATED:  June 18, 2010.

26  006 Anthony-harmon2.oah

U.S. MAGISTRATE JUDGE

3