1  JAMES J. BANKS (SBN 119525)
   ROBERTA LINDSEY SCOTT (SBN 117023)
2  BANKS & WATSON
   Hall of Justice Building
3  813 6th Street, Suite 400
   Sacramento, CA  95814-2403
4  Telephone:     (916) 325-1000
   Facsimile:      (916) 325-1004
5  Email:           jbanks@bw-firm.com

6  Attorneys for Defendants
   LARRY W. HARMON, FRANK CASTILLO,
7  LARRY HARMON & ASSOCIATES, P.A.,
   HARMON-CASTILLO, LLP and VITALIS PARTNERS, LLC
8

9                   UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12 | CARMELO ANTHONY, et al.,          | CASE NO. 2:09-cv-02272-WBS-KJM
13 |              Plaintiffs,           | DEFENDANT LARRY W. HARMON'S
   |                                    | NOTICE OF MOTION AND MOTION TO
14 |      v.                            | COMPEL PLAINTIFF CARMELO
   |                                    | ANTHONY'S FURTHER RESPONSES TO
15 | LARRY HARMON, et al.,              | FIRST SET OF INTERROGATORIES
16 |              Defendants.           | DATE:    September 15, 2010
   |                                    | TIME:    10:00 A.M.
17                                        COURTROOM:    26
                                          MAGISTRATE:   Hon. Kimberly J. Mueller
18

19  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20         **PLEASE TAKE NOTICE** that on September 15, 2010 at 10:00 A.M., or as soon thereafter as

21  this matter may be heard, in Courtroom 26 of the above-referenced court located at 501 I Street,

22  Sacramento, California 95814, defendant Larry W. Harmon will move this Court pursuant to Federal

23  Rules of Civil Procedure, rules 33 and 37 and Local Rule 251 for an order as follows:

24         1.      Overruling plaintiff Carmelo Anthony's ("Mr. Anthony") improper boilerplate

25  objections;

26         2.      Compelling Mr. Anthony to specifically identify the supporting documents, if any, with

27  "reasonable particularity sufficient for purposes of a request for production of documents" in response to

28  Interrogatories 1(b), 2(b), and 5-8(b);

3. Compelling Mr. Anthony to fully answer Interrogatories 9-25, inclusive; and

4. Compelling Mr. Anthony to provide the requisite privilege log identifying each document withheld on the basis of a privilege and identifying the privilege claimed.

## MOTION

Defendant Larry Harmon propounded a set of 25 contention interrogatories on Mr. Anthony on February 5, 2010.

### 1. Improper Boilerplate Objections to Interrogatories 1-25

Mr. Anthony's response to each and every interrogatory asserts various identical boilerplate objections, many improper (i.e. "additional discovery needs to be taken in order for plaintiff to respond" – improper, see *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004) and "information is in the possession of the propounding party" – improper, *see Davidson v. Goord* 215 F.R.D. 73, 77 (W.D.N.Y. 2003) cited to with approval in the unpublished decisions *Johnson v. Runnels*, 2009 WL 900755, *8 (E.D. Cal. Mar. 31, 2009) and *Bretana v. International Collection Corp.*, 2008 WL 4334710, *4 (N.D. Cal. Sept. 22, 2008). Likewise, Mr. Anthony's blanket objection to each interrogatory on the grounds of being "overbroad" is deficient. Where an interrogatory is overbroad, the responding party should answer whatever part of the question is proper, object to the balance and provide some meaningful explanation of the basis for the objection. *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458, n.4 (D. DC 2002); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.*, 198 F.R.D. 508, 512 (N.D. IA 2001) – objections must explain how a request or interrogatory is overbroad or unduly burdensome. Here Mr. Anthony did neither.

Wherefore defendant Harmon moves for an order overruling Mr. Anthony's improper objections.

### 2. Non-Compliance with Rule 33 by Failing to Specifically Identify Documents in Response to Interrogatories 1, 2 and 5-8(b)

Interrogatory Nos. 1, 2 and 5-8, subpart (b), requested documents supporting Mr. Anthony's averments in specifically identified paragraphs of his complaint. Mr. Anthony's substantive responses, identical in each case, were evasive and incomplete. Mr. Anthony responded: "documents produced by defendants pursuant to Initial Disclosures, documents produced by defendants in response to responding party's first set of requests for production of documents, and documents produced by defendants to

CARMELO ANTHONY'S FURTHER RESPONSES
TO FIRST SET OF INTERROGATORIES

Gelfand, Rennert & Feldman ('GRF') and American National Bank signature cards." Mr. Anthony failed to identify *which* documents in the initial disclosures and the document production to the first set of requests for production of documents and/or the documents produced by defendants to Gelfand, Rennert & Feldman are supportive of the averments of the First Amended Complaint. No level of specificity whatsoever has been provided. Instead, the responses indicate that every single piece of paper in the case is responsive. These responses clearly do not comply with rule 33 of the Federal Rules of Civil Procedure that the response be answered "separately and fully." Defendants are entitled to know exactly what documents Mr. Anthony is relying upon, if any, in support of the material averments in the First Amended Complaint. *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Investment Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) [designation of "books of accounts, banking accounts, records, computer printouts, ledgers and other documents" *not* sufficient]; *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). Of course, if there are no documents that support the designated allegations, that specific response must also be set forth.

Wherefore, Defendant Harmon moves for an order compelling Mr. Anthony to specifically identify the supporting documents, if any, with "reasonable particularity sufficient for purposes of a request for production of documents" in response to Interrogatories 1(b), 2(b), and 5-8(b);

### 3. Failing to Provide a Privilege Log

Mr. Anthony's responses to Interrogatories 1-25 included an objection based upon work product. Defendants therefore requested a privilege log which Mr. Anthony refuses to produce. A privilege log is appropriate and required under Federal Rules of Civil Procedure, rule 26(b)(5)(a). *Bozzuto v. Cox, Castle & Nicholson, LLP*, 255 F.R.D. 673, 677 (C.D. Cal. 2009).

Wherefore, defendant Harmon moves for an order compelling Mr. Anthony to provide the requisite privilege log identifying each document withheld on the basis of a privilege and identifying the privilege claimed.

### 4. Failing To Respond To Interrogatories 9-25 On The Misplaced Basis That The Propounded Interrogatories Exceeded The Maximum Number Allowed By Federal Rules of Civil Procedure, Rule 33

Finally, no substantive response was provided to Interrogatory Nos. 9-25 on the basis, *inter alia*, that the interrogatory exceeded the permissible number of interrogatories (25) permitted under Federal

1  Rule of Civil Procedure 33. Yet, these interrogatories do not exceed the permissible amount of
2  interrogatories under the rule. The rule permits any party to serve 25 interrogatories, including all
3  discrete subparts. Courts generally agree that discrete subparts are to be construed as one interrogatory
4  if they are logically or factually subsumed within and necessarily related to the primary question.
5  *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

6  Here, each subpart logically and factually is subsumed within the primary question of the
7  interrogatory. The subparts do not seek information about separate subjects and cannot stand on their
8  own without the primary question. These interrogatories were not combined with requests for admission
9  and were targeted specifically to the material allegations of the First Amended Complaint. It follows
10 that the interrogatory with its subparts should be and are counted as one interrogatory.

11 Wherefore, defendant Harmon moves for an order compelling Mr. Anthony to fully answer
12 Interrogatories 9-25, inclusive.

13 Pursuant to Federal Rules of Civil Procedure, rules 33 and 37 and Local Rule 251, this motion is
14 based on this notice of motion and motion, the anticipated Joint Statement Re Discovery Disagreement
15 and supporting declaration(s), all previously filed papers in this case and on such further evidence and
16 argument as may be presented at the hearing on this motion.

18 DATED: August 4, 2010                    BANKS & WATSON

20                                          By:  /s/ *Roberta Lindsey Scott*
                                                 ROBERTA LINDSEY SCOTT
21                                               Attorneys for Defendants LARRY W. HARMON,
                                                 FRANK CASTILLO, LARRY HARMON &
22                                               ASSOCIATES, P.A., HARMON-CASTILLO, LLP
                                                 and VITALIS PARTNERS, LLC