IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARMELO ANTHONY, et al.,

      Plaintiffs,                         No. CIV S-09-2272 WBS KJM

    vs.

LARRY HARMON, et al.,

      Defendants.                <u>ORDER</u>

_____/

        Defendants' discovery motions came on regularly for hearing September 15, 2010.  Robert Hirsh and Zachary Wadle appeared for plaintiff Carmelo Anthony.  Roberta Lindsey-Scott appeared for defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. Defendants' discovery motions (docket nos. 104, 105, 106, 107 and 110) are granted in part and denied in part.

        2. Plaintiff's general objections to the discovery at issue, including any claim of work product for documents received by plaintiff from the Gelfand, Rennert & Feldman firm prior to the retention of counsel, are overruled.

Plaintiff also has objected that the number of interrogatories propounded exceed the presumptive limit set forth in Federal Rule of Civil Procedure 33.  Each interrogatory at issue addresses a separate allegation: the first part of the interrogatory asks for the factual basis; the subparts are factually subsumed in that they simply ask for further evidence (i.e., identification of witnesses and documents) with respect to the primary question.  The court has determined that each interrogatory and the subparts thereto shall be viewed as a single interrogatory.  See, e.g., Thomas v. Yates, 2009 WL 3273280 (E.D. Cal. 2009).  The interrogatories ask for information that should have been disclosed in the initial disclosures.  With respect to the second subpart (identification of supporting documents), this part of the interrogatory could simply have been formulated as part of a request for production of documents, for which there is no presumptive numerical limit under Federal Rule of Civil Procedure 34.  Under these circumstances, the objection predicated on defendants' exceeding the numerical limit is overruled.  Accordingly, no later than October 21, 2010, plaintiff shall provide further responses to interrogatories to which objection was made on the basis that the number of interrogatories exceeded the presumptive limit.

   3.  No later than October 21, 2010, plaintiff shall produce the original documents, for copying and inspection, of all responsive documents that were received by him prior to the filing of this action.  Plaintiff shall provide with the production a verification by plaintiff, under penalty of perjury, that a diligent good faith effort has been made to locate all responsive documents in his possession, custody or control.  If plaintiff is unable to locate any responsive documents, then plaintiff shall so state in the verification.

   4.  No later than October 21, 2010, plaintiff shall provide an unqualified denial or admission of requests for admissions, nos. 16-23.  If plaintiff cannot remember and on that basis denies the request for admission, he may so clearly state.

   5.  The court finds an award of expenses is not warranted considering all of the circumstances reflected in the record before it on these motions.  Fed. R. Civ. P. 37 (a)(5)(A).

6. The parties are reminded that discovery disputes should first be resolved through good faith meeting and conferring. L.R. 37-251(b). If no resolution can be reached, the parties may bring the matter before this court. In this case, all prospective discovery disputes shall be summarized jointly by the parties in a letter brief not exceeding four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred personally or by phone, and must concisely summarize those remaining issues counsel have been unable to resolve. The letter brief may cite to limited and specific legal authority only for resolution of the dispositive issues. The letter brief may not be accompanied by exhibits or affidavits; any excerpt of disputed discovery material must be set out verbatim in the letter. After receipt of the letter brief, the court will then advise the parties concerning whether additional briefing or a telephonic conference will be necessary.

DATED: September 16, 2010.

_____
U.S. MAGISTRATE JUDGE

006
anthony-harmon4.oah