1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11
   CARMELO ANTHONY; MELO
12 ENTERPRISES, INC.; and CHOSEN          NO. CIV. 2:09-2272 WBS KJM
   ONE PROPERTIES, LLC,
13
            Plaintiffs,                   ORDER OF RECUSAL
14
        v.
15
   LARRY HARMON aka LARRY W.
16 HARMON aka LAWRENCE HARMON;
   LARRY HARMON & ASSOCIATES,
17 P.A.; HARMON-CASTILLO, LLP;
   FRANK CASTILLO; KELLY RUNKLE;
18 SORA BARNES; KENNY CRUZ aka
   KENNETH CRUZ; KC DEVELOPMENT,
19 LLC; VITALIS PARTNERS, LLC;
   PROFESSIONAL PARTNERS, LLC;
20 and MCG PARTNERS,

21          Defendants.
   _____/
22

23                              ----oo0oo----

24          This matter was before the court on plaintiffs' motion

25 for leave to file a Second Amended Complaint on October 12, 2010.

26 The court fully intended to hear oral arguments on the motion.

27 However, when the case was called counsel for plaintiffs appeared

28 but counsel for defendants was not present.  Wrongly assuming

                                  1

1  that defense counsel's absence was either intentional or

2  negligent, the court announced that it would grant the motion on

3  its merits.

4          As it was, defendants' attorney had been locked out of

5  the courtroom and was waiting at the doors when his case was

6  called.  By the time defense counsel's presence was determined,

7  plaintiffs' attorney had already left the building and was on his

8  way back to Beverly Hills.  It is the court's responsibility to

9  assure that the doors to the courtroom are open while court is in

10  session and that parties and their attorneys are not locked out

11  of proceedings in their case.  It was thus the fault of the

12  court, not counsel, that defendants' attorney was not allowed to

13  be heard before the court announced an opinion on plaintiffs'

14  motion.  Given this unfortunate occurrence, the court is

15  uncomfortable deciding the motion.

16          If the matter were to be rescheduled for argument, any

17  decision I might make now would be tainted by the perception that

18  I had already made up my mind before hearing the arguments of

19  counsel.  Conversely, if the matter were to be simply submitted

20  without arguments, both sides would be denied arguments which the

21  record clearly indicates the court intended to hear.  The

22  institutional integrity of the federal courts requires scrupulous

23  protection of public confidence in the judicial process.  United

24  States v. Bosch, 951 F.2d 1546, 1551 (9th Cir. 1991)

25  (O'Scannlain, J., dissenting).

26          Accordingly, the court has determined that the most

27  prudent course is to have the matter heard by another judge who

28  has not prematurely expressed an opinion on the merits of the

2

1  pending motion.  Cf. United States v. Quach, 302 F.3d 1096, 1104

2  (9th Cir. 2002) ("In light of [the judge's] comments [at

3  sentencing], we conclude that remand to a different judge would

4  preserve the appearance of justice in light of the district

5  judge's 'potential bias' . . . ."); Haines v. Liggett Group Inc.,

6  975 F.2d 81, 97-98 (3d Cir. 1992) (reassigning the case when an

7  order addressing attorney-client privilege appeared to express an

8  opinion on the ultimate merits of the claims).

9        IT IS THEREFORE ORDERED that the Clerk of the Court

10  reassign this case to another judge for all further proceedings,

11  making appropriate adjustments in the assignments of civil cases

12  to compensate for such reassignment.  All dates pending before

13  the undersigned are hereby vacated.

14  DATED:  October 20, 2010

15

16

17  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

3