UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

CARMELO ANTHONY; MELO ENTERPRISES, INC.; and CHOSEN ONE PROPERTIES, LLC,

    Plaintiffs,

  v.

LARRY HARMON aka LARRY W. HARMON aka LAWRENCE HARMON, et al.,

    Defendants.

No. 2:09-cv-02272 MCE KJM

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs Carmelo Anthony, Melo Enterprises, Inc., and Chosen One Properties, LLC ("COP"), filed this action against Defendants Larry Harmon aka Larry W. Harmon aka Lawrence Harmon ("Harmon"), Larry Harmon & Associates, P.A., Harmon-Castillo, LLP, Frank Castillo, Kelly Runkle, Sora Barnes, Kenny Cruz aka Kenneth Cruz, KC Development, LLC, Vitalis Partners, LLC ("Vitalis"), Professional Partners, LCC, and MCG Partners alleging various claims arising out of Defendants' transfers of Plaintiffs' monies.  Plaintiffs now move for leave to file a Second Amended Complaint ("SAC").

1

## BACKGROUND

Plaintiffs filed the initial Complaint on August 17, 2009. (ECF No. 1.)  On November 19, 2009, the Court dismissed the Complaint in order to afford Plaintiffs an opportunity to amend their Complaint in accordance with pleading standards recently announced in Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937 (2009).  (ECF No. 26.)  Plaintiffs subsequently filed the First Amended Complaint ("FAC" (ECF No. 43)) on January 8, 2010.  The FAC omitted fraud and concealment claims, which had been pled in the initial Complaint.  The parties have previously exchanged Rule 26(a)(1) initial disclosures, and proceeded in further discovery, which is to be completed by January 10, 2011.

Plaintiffs now seek leave to file a SAC, based on, inter alia, Harmon's testimony at the July 22 and 23, 2010 deposition that Anthony agreed to the transfers through several communications and that COP acquired a passive membership interest in Vitalis and Harmon's testimony that may indicate Harmon failed to disclose facts about Vitalis' finances and financial relationship with Harmon at the time of the transfers. The proposed SAC alleges additional factual allegations about the circumstances surrounding the transfers and adds six new claims for false statements or omissions in violation of federal and state securities law, federal and state non-registration of securities, and common law concealment.

///
///
///

**DISCUSSION**

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2)[1]. However, once a pretrial scheduling order is filed pursuant to Rule 16, "that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which primarily considers the "diligence of the party seeking amendment." Id. at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by noting the prejudice to other parties. See id. (finding that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" to amend).

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard. Id. A court considers whether the amendment (1) would prejudice the opposing party; (2) is sought in bad faith;

///
///
///

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

3

1  (3) produces an undue delay in litigation; or (4) is futile.[2]
2  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th
3  Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
4  The greatest weight is afforded to prejudice, with the burden
5  resting on the non-movant.  Eminence Capital, LLC, 316 F.3d at
6  1052. "Absent prejudice, or a strong showing of any of the
7  remaining Foman factors, there exists a *presumption* under
8  Rule 15(a) in favor of granting leave to amend."  Id. (emphasis
9  in original).

10     Plaintiffs were sufficiently diligent in seeking leave to
11 amend.  The FAC did not allege that Plaintiffs acquired a
12 security interest in Vitalis.  Instead, Plaintiffs alleged that
13 Plaintiffs did not agree to the transfers, regardless of the
14 nature of the interest acquired.  The documents obtained through
15 discovery before the FAC and subsequent to it were conflicting as
16 to the nature of the interest in Vitalis.[3]  (Hirsh Decl. ¶¶ 45-
17 46, Exs. B-C (ECF No. 112).)

18     At Harmon's deposition in July, Harmon testified that
19 Anthony agreed to the transfers through several communications
20 (Hirsh Decl. Ex. D at 161-67) and that COP acquired a passive
21 membership interest in Vitalis.  (Id. at 23-25.)
22 ///

---

[2] Because bad faith is neither alleged nor apparent to the Court and because Rule 16(b) considers Plaintiffs' diligence, the Court will consider only prejudice and futility for the Rule 15(a) standard.

[3] The K-1 Schedule that Defendants allegedly sent to Plaintiffs in early 2009 indicated a membership interest; a June 30, 2008 balance sheet for Vitalis obtained through discovery indicated a creditor-debtor relationship.  (Hirsh Decl. Exs. B-C.)

4

1 Assuming Anthony agreed to the transfers, Harmon's testimony may
2 also indicate that Harmon did not disclose facts about Vitalis'
3 finances and financial relationship with Harmon at the time of
4 the transfers.[4]  <u>Id.</u> at 175-86.  Accordingly, Plaintiffs have
5 shown good cause under Rule 16(b).
6      Defendants have failed to make a strong showing of prejudice
7 meriting denial of Plaintiffs' motion under Rule 15(a).
8 Plaintiffs' counsel sent Defendants' counsel a copy of the
9 proposed SAC before the deposition of the only Plaintiff,
10 Anthony, to be deposed thus far in the discovery process.  (Hirsh
11 Decl. ¶ 59.)  While discovery is to be completed on January 10,
12 2011, the additional allegations and six additional claims arise
13 from the same transfers that gave rise to the claims in the FAC.
14 Defendants have not only failed to show how any additional
15 discovery or any delay would cause prejudice, they have also
16 failed to show how the additional allegations and claims would
17 even require additional discovery or cause delay.
18      Defendants only make brief, general arguments about
19 Plaintiffs' legal theories and the factual allegations under the
20 pleading standards in <u>Iqbal</u>, and the heightened pleading
21 standards in Rule 9(b) and the Private Securities Litigation
22 Reform Act, 15 U.S.C. § 78u-4(b)(1).
23 ///

---

[4] Plaintiffs' counsel states that he discovered the following facts through discovery: (1) Vitalis had a large negative net worth that was increasing at the time of the transfers; (2) Vitalis' outstanding debt to Bank of the West exceeded $6,000,000.00, was personally guaranteed by Harmon, and had fallen due and been extended on several occasions in exchange for large fees; and (3) Vitalis was servicing Harmon's personal loan obligation to Citibank.  (Hirsh Decl. ¶ 52.)

5

1  Defendants fall short of a strong showing of futility to overcome
2  the presumption in favor of granting leave to amend.  Further,
3  "denial on [futility] is rare and courts generally defer
4  consideration of challenges to the merits of a proposed amended
5  pleading until after leave to amend is granted and the amended
6  pleading is filed."  <u>Duhn Oil Tool, Inc. v. Cooper Cameron Corp.</u>,
7  No. CV-F-05-1411 OWW GSA, 2010 WL 596312, at *14 (E.D. Cal.
8  Feb. 16, 2010) (internal citations omitted).

**CONCLUSION**

In light of the above, and given that the previous trial dates have been vacated and the case is now before this Court, Plaintiffs' motion for leave to file a Second Amended Complaint is GRANTED.[5]  Plaintiffs have twenty (20) days from the date this Order is electronically filed to file their Second Amended Complaint.

IT IS SO ORDERED.

Dated: November 16, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).